1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD A. SMITH,

                  Plaintiff(s),

    v.

AUBURN POLICE DEPARTMENT
OFFICERS et al,

                  Defendant(s).

CASE NO. 2:23-cv-00079-TL

ORDER OF DISMISSAL WITH
LEAVE TO AMEND

This is a case alleging civil rights violations by local authorities under the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. This matter comes before the Court on its own motion. Having considered the complaint and the relevant record, the Court DECLINES to issue summons, DISMISSES the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and GRANTS LEAVE for Plaintiff to file an amended complaint, as explained below.

## I.   BACKGROUND

Plaintiff Ronald A. Smith sues Defendants "Auburn Police Department Officers," "Child Protective Services," and "King County Courts (R.J.C.)" under 42 U.S.C. § 1983 for alleged violations of his constitutional due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. Dkt. No. 5 at 5. In essence, Mr. Smith alleges that his child was wrongfully removed from his care by Child Protective Services and the Auburn Police Department over false allegations from Mr. Smith's former partner and other parent of the child, which has resulted in the child being exposed to abuse and neglect. *Id.* at 7. Mr. Smith seeks: (1) injunctive relief, including "overturning" a King County Superior Court determination (seemingly related to issuing a protective order for Mr. Smith's child's care) and dismissing the case as well as obtaining full custody of his child; (2) $5 million in damages from each of the three Defendants for his mental and emotional pain and suffering; (3) and punitive damages. *Id.* at 10.

Mr. Smith proceeds *pro se*, or without legal representation. The Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Mr. Smith *in forma pauperis* status with a recommendation that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4. No summons has yet issued.

## II.   LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . ."). To state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim

1    showing that the claimant is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P.

2    8(a).

3          The standard for dismissing a complaint for failure to state a claim under 28 U.S.C.

4    § 1915(e)(2)(B)(ii) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6).

5    *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive Rule 12(b)(6), the

6    plaintiff must provide factual allegations that "state a claim to relief that is plausible on its face."

7    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

8    570 (2007)).

9          This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less

10   stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

11   94 (2007) (per curiam) (citations omitted). Even so, a court should "not supply essential elements

12   of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL

13   3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quotation marks omitted) (quoting *Bruns v. Nat'l

14   Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*,

15   409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates

16   for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

17         Finally, "[a] district court should not dismiss a pro se complaint without leave to amend

18   unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

19   amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v.

20   Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing

21   to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to

22   amend).

23

24

III. DISCUSSION

Mr. Smith brings a claim against certain local authorities under 42 U.S.C. § 1983 ("Section 1983") for violating his due process rights under the Fifth and Fourteenth Amendment of the U.S. Constitution. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Assuming without deciding that Defendants satisfy the second prong, Mr. Smith still fails to show that Defendants' conduct deprived him of a right secured by the Constitution or federal law.

First, Mr. Smith's claims against Defendant "King County Courts (R.J.C.)" must be dismissed on grounds of judicial immunity. Courts have "long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)); *see also Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("It is well settled that judges are generally immune from civil liability under [S]ection 1983."). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek*, 183 F.3d at 965. "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Mr. Smith seemingly seeks to challenge the adjudication of the King County Superior Court (the Defendant designated as "King County Courts (R.J.C.)" in the Complaint). *See* Dkt. No. 5 at 2, 6–8. Without more details showing the contrary, this is squarely within the scope of

1  "judicial" actions protected by judicial immunity, and Mr. Smith may not seek action against the

2  King County Superior Court. *See, e.g.*, *Hallmark Care Servs., Inc. v. Superior Ct. of Wash. for*

3  *Spokane Cnty.*, No. C19-102, 2019 WL 2718500, at *5 (E.D. Wash. June 28, 2019) ("Defendants

4  Spokane County Superior Court and Spokane County—acting through their judges and

5  commissioners—acted in a normal judicial function and well within their jurisdiction.

6  Accordingly, the Court finds that Defendants . . . are entitled to judicial immunity . . . ."), *aff'd*,

7  809 F. App'x 435, 436 (9th Cir. June 17, 2020).

8  Second, Mr. Smith's Fifth Amendment due process claims must be dismissed because

9  "the Fifth Amendment's due process clause only applies to the federal government," *see, e.g.*,

10  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment claim against local

11  law enforcement official was "plainly foreclosed by the Constitution"), and the federal

12  government is not a party to this action.

13  Third, Mr. Smith's Fourteenth Amendment due process claims must be dismissed

14  because his allegations are not sufficient to plausibly state a claim for relief. "The Fourteenth

15  Amendment's Due Process Clause protects persons against deprivations of life, liberty, or

16  property . . . ." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also* U.S. Const. amend. XIV,

17  § 1. Mere negligent conduct by a state official does not constitute a deprivation of due process

18  rights. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986); *see also Ochoa*, 48 F.4th 1110–11 (no

19  due process violation where plaintiff failed to allege that defendants were aware they were

20  relying on false representations in withholding money from her paycheck).

21  Mr. Smith seems to allege that his parental rights were infringed by the removal of his

22  child from his care. *See* Dkt. No. 5 at 8. "The Fourteenth Amendment protects parents' well-

23  established liberty interest in the companionship, care, custody, and management of [their]

24  children." *James v. Rowlands*, 606 F.3d 646, 648 (9th Cir. 2010) (quotation marks omitted)

1    (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981)). Accordingly, government

2    officials may only intrude on a parent's custody of his child without prior judicial authorization

3    if they have information "that establishes 'reasonable cause to believe that the child is in

4    imminent danger of serious bodily injury and that the scope of the intrusion is reasonably

5    necessary to avert that specific injury.'" *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc.*

6    *Servs.,* 237 F.3d 1101, 1106 (9th Cir. 2001) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th

7    Cir. 2000)). Mr. Smith has failed to establish a lack of reasonable cause because he himself

8    acknowledges that there were "allegations made against [him]" that led to the removal of the

9    child. *See* Dkt. No. 5 at 7. Without further details—such as the nature of the allegations, details

10   showing that the allegations were "false," or whether Defendants had any reason to suspect the

11   truth of the allegations[1]—the Court cannot conclude that Defendants lacked "reasonable cause"

12   or otherwise acted with more than negligence in removing Mr. Smith's child from his care.

13        Mr. Smith also argues that Defendant Child Protective Services violated his rights by

14   "not bringing [his] child back home after they found no findings of abuse & neglect by [him]"

15   and allegedly failing to investigate the allegations against Mr. Smith. Dkt. No. 5 at 8. These

16   allegations are contradictory, in that one suggests that an investigation was conducted and the

17   other states that it was not; and in any case, such allegations are vague and do not provide

18   sufficient details to show that any Defendant acted with more than mere negligence, *see Daniels*,

19   474 U.S. at 331, much less that Mr. Smith's due process rights have been violated.

20        Finally, the Court notes that the Complaint fails to name each of the specific "Auburn

21   Police Department Officers" that Mr. Smith seeks to sue. Federal Rule of Civil Procedure 10(a)

22

23   _____

[1] This Circuit has recognized a Fourteenth Amendment right to be protected from the *deliberate* government use of perjured testimony or fabricated evidence in family court proceedings where a parent's familial liberty interest is at stake. *See Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1116–17 (9th Cir. 2017). Mr. Smith does not allege that the purportedly perjured evidence against him was *deliberately* used by any governmental person or entity.

24

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 6

requires that the complaint "name all the parties." While the Court does not dismiss the Complaint on this basis today, Mr. Smith's failure to correctly identify the Defendant(s) may result in the eventual dismissal of the Defendant(s) from the action.

The Court must dismiss the Complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Mr. Smith an opportunity to file an amended complaint that cures the deficiencies identified above.

### IV. CONCLUSION

Accordingly, the Court DECLINES to issue summons and DISMISSES the Complaint without prejudice. Mr. Smith is GRANTED LEAVE to file an amended complaint curing the deficiencies of his claim by **February 25, 2023**. All relevant facts must be included in the amended complaint and not in attachments. Failure to file a timely amended complaint will result in the dismissal of this case.

Dated this 26th day of January 2023.

Tana Lin
United States District Judge