UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD A. SMITH,<br><br>                Plaintiff(s),<br>    v.<br><br>AUBURN POLICE DEPARTMENT et al,<br><br>                Defendant(s). | CASE NOS. 2:23-cv-00079-TL & 2:23-cv-00080-TL<br><br>ORDER OF CONSOLIDATION AND DISMISSAL WITH LEAVE TO AMEND |

      This is a case alleging civil rights violations by local authorities under the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. This matter ("*Smith II*," Case No. 2:23-cv-00080-TL) comes before the Court on its own motion. Having considered the complaint and the relevant record, the Court DECLINES to issue summons, CONSOLIDATES the action with a prior action (C23-79), and DISMISSES the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

      Plaintiff Ronald A. Smith proceeds *pro se*, or without legal counsel. He was granted *in forma pauperis* status. Dkt. No. 5. No summons has yet issued.

      This case, *Smith II*, is substantially identical to another case before this Court that was filed by the same plaintiff, against substantially the same parties, and on the same date. *Compare* Motion for Leave to Proceed In Forma Pauperis, *Smith v. Auburn Police Dep't Officers* ("*Smith I*"), No. C23-79 (W.D. Wash. Jan. 17, 2023) *with* Dkt. No. 1 (*in forma pauperis* application filed Jan. 17, 2023). The only substantive differences appear to be that: (1) Plaintiff names "the Auburn Police Department" as a Defendant, rather than "Auburn Police Department Officers"[1]; and (2) Plaintiff utilizes a generic form for a civil complaint, rather than the form for filing a civil rights complaint against governmental entities under 42 U.S.C. § 1983. *Compare* Complaint at 2, 5, *Smith I* (Jan. 18, 2023), *with* Dkt. No. 6 at 3. Otherwise, Plaintiff yet again brings suit against certain Auburn Police Department officers, "Child Protective Services," and "King County Courts/Officers"[2] for alleged violations of his constitutional due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution arising out of the allegedly wrongful removal of Plaintiff's son from his care based on false allegations from Plaintiff's former partner. *Id.* at 2–3, 7–8.

      On January 26, 2023, the Court dismissed *Smith I* without prejudice for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2). *Smith I*, slip op. at 7 (Jan. 26, 2023). The Court granted Plaintiff leave to amend his *Smith I* complaint to cure its deficiencies. *Id.*

      Further, Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l*

---

[1] Though he names the Auburn Police Department as a Defendant this time rather than "Auburn Police Department Officers," Plaintiff also lists four separate officers by first initial and last name and lists "Police Officer[s]" as the "Job or Title" for the Defendant. Dkt. No. 6 at 3.

[2] This is substantively the same Defendant as the "King County Courts (R.J.C.)" Defendant named in *Smith I*.

*Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). In deciding whether to exercise this discretion, courts generally look to such factors as "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to [any opposing party]." *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022 WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed., Apr. 2022 Update)). A court may consolidate actions *sua sponte*, or on its own. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court . . . and trial courts may consolidate cases *sua sponte* . . . ."); *see also Rittmann v. Amazon.com Inc.*, C16-1554, 2022 WL 2192921, at *1 (W.D. Wash. June 16, 2022) (consolidating four cases *sua sponte*).

Consolidation of the two cases, *Smith I* and *Smith II*, is appropriate here. The two cases share common questions of law and fact, as the cases are substantively identical. The Court also finds that judicial economy, expeditious resolution of both cases, consistency of results, and any potential prejudice to any Defendant in the two actions would be served in consolidating the two actions, under Federal Rule of Civil Procedure 42(a).

Accordingly, it is hereby ORDERED:

(1)  The Court DECLINES to serve summons in this action.

(2)  *Smith I* and *Smith II* are CONSOLIDATED into the case number 2:23-cv-00079-TL. All future pleadings in the consolidated action shall bear the case number **2:23-cv-00079-TL**.

(3)  The complaint in *Smith II* (Dkt. No. 6) is DISMISSED without prejudice on the same grounds as in *Smith I*.[3] See *Smith I*, slip op. at 7 (Jan. 26, 2023).

(4)  If Plaintiff chooses to file an amended complaint by **February 25, 2023,** as previously ordered in *Smith I*, he must include all relevant allegations and claims for the consolidated action in the complaint. No separate amended complaint for *Smith II* will be permitted. Failure to file a timely amended complaint will result in the dismissal of both *Smith I* and *Smith II*.

(5)  The Clerk is DIRECTED to administratively close *Smith II* (No. 2:23-cv-00080-TL).

Dated this 31st day of January 2023.

Tana Lin
United States District Judge

---

[3] However, the *Smith I* admonition regarding the failure to identify the specific "Auburn Police Department Officers" does not apply here, given Plaintiff's identification of four officers by first initial and last name. See *Smith I*, slip op. at 6–7.

ORDER OF CONSOLIDATION AND DISMISSAL WITH LEAVE TO AMEND - 4